UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NO. 13-137

ROBERT LEON JOHNSON                                SECTION M (1)

## ORDER & REASONS

Before the Court is defendant Robert Johnson's motion for compassionate release and/or release to home confinement.[1] The government opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Johnson's motion.

I.  BACKGROUND

On April 10, 2014, Johnson was convicted of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[3] On September 25, 2014, he was sentenced to 60 months of imprisonment, followed by five years of supervised release.[4] He was released from the Bureau of Prisons (the "BOP") on or about March 13, 2017.[5] On September 19, 2019, the Court held a revocation hearing in which the government and Johnson stipulated that Johnson had violated the conditions of his supervised released based on a state court conviction and failure to attend cognitive behavioral therapeutic treatment, and the government presented evidence of an alleged third violation based on an outstanding arrest warrant.[6] At the hearing, the Court found Johnson violated the terms of supervised released based on the two stipulations, and on November 12, 2019, held that the

---

[1] R. Doc. 762.
[2] R. Doc. 764.
[3] R. Doc. 302.
[4] R. Doc. 469.
[5] R. Doc. 762 at 2.
[6] R. Doc. 742.

government had not proved the third violation; therefore, Johnson's sentence on revocation would be based on only the two stipulated violations.[7] That same day, the Court sentenced Johnson to 12 months of imprisonment, to be served consecutively to his state court sentence.[8] He is presently incarcerated at the Federal Correction Institute in Oakdale, Louisiana ("Oakdale FCI"), and his projected release date is January 26, 2021.[9]

## II.   PENDING MOTION

Johnson, proceeding *pro se*, asks the Court to grant him compassionate release and/or release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[10] He explains that Oakdale FCI is a "hot spot" of the ongoing COVID-19 pandemic, where he is at "high risk" of infection.[11] According to Johnson, eight inmates have died at the facility.[12] Johnson attaches (1) a response from the Oakdale FCI warden dated May 8, 2020, confirming receipt of Johnson's April 8, 2020 request for home confinement placement or early residential reentry center placement due to the circumstances surrounding the pandemic; and (2) a response from the Oakdale FCI warden dated May 19, 2020, confirming receipt of Johnson's April 20, 2020 request for home confinement placement and explaining that, because Johnson's Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN")[13] score is low, and not minimum, as required to receive priority treatment, his request would be reviewed at a later date.[14]

---

[7] R. Doc. 752 at 17.
[8] R. Doc. 753.
[9] Inmate Locator, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed on July 24, 2020).
[10] R. Doc. 762.
[11] *Id.* at 1.
[12] *Id.* Johnson's motion was mailed on June 19, 2020. *Id.* at 4.
[13] This tool is designed to measure risk of recidivism of inmates. *See Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation*, U.S. DEPARTMENT OF JUSTICE (Jan. 15, 2020), https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act.
[14] R. Doc. 762 at 2-3.

In opposition, the government points out that Johnson does not allege that he has presented a request for compassionate release to BOP for its consideration, and states that a BOP attorney who advises Oakdale FCI confirmed to the government that Johnson has not filed any such administrative request.[15] Accordingly, the government argues, the Court lacks authority to act on Johnson's motion at this time because § 3582(c)(1)(A) requires that a request for a sentence reduction based on compassionate release first be presented to the BOP for its consideration, and only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in district court.[16] The government argues that this exhaustion requirement is jurisdictional, but that even if the Court considers it non-jurisdictional, it is a mandatory claim-processing rule.[17] Were the Court to consider the merits of Johnson's motion, the government argues that his request for a sentence reduction should be denied because Johnson has not demonstrated that "extraordinary and compelling reasons" warranting release exist; that is, while such reasons include medical conditions, age, and family circumstances, none is present here, as general COVID-19 concerns do not fall into these categories, and Johnson's BOP medical records do not identify any medical condition that constitutes a risk factor elevating his risk of becoming seriously ill from COVID-19.[18] Finally, the government argues that the Court has no authority to order the BOP to transfer him to home confinement.[19]

---

[15] R. Doc. 764 at 10.
[16] *Id.*
[17] *Id.* at 14-15.
[18] *Id.* at 21-24; *see* R. Doc. 764-1 (BOP medical records).
[19] R. Doc. 764 at 24-26.

**III.    LAW & ANALYSIS**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010). Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A court may not consider a defendant's § 3582 motion for a modification of a term of imprisonment until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." *United States v. Gentry*, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing *Garcia*, 606 F.3d at 212 n.5); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"). "Even in the context of the COVID-19 pandemic, a defendant must first satisfy the exhaustion criteria of 18 U.S.C. § 3582(c)(1)(A) in order for the Court to have jurisdiction over a motion for a compassionate release sentence reduction." *United States v. Castro*, 2020 WL 3076667, at *1 (E.D. La. June 10, 2020) (collecting cases). "This conclusion is supported by a number of cases in which courts have

addressed motions for compassionate release under the FSA [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements of the FSA." *United States v. Guyton*, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020) (quotation omitted; collecting cases). The defendant must demonstrate that he has exhausted his administrative remedies and that he is entitled to compassionate release. *Castro*, 2020 WL 3076667, at *2 (citations omitted).

Johnson has not shown that he has "fully exhausted all administrative rights to appeal" the BOP's failure to bring a motion for compassionate release on his behalf, or that 30 days have lapsed since the receipt of such a request by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). According to the Oakdale FCI warden's responses attached to his motion, Johnson submitted requests for a change in incarceration placement (home confinement or residential reentry center placement), not requests that the BOP file a motion for compassionate release or a reduction in sentence on his behalf.[20] *See United States v. Mogan*, 2020 WL 2558216, at *2-3 (E.D. La. May 20, 2020) (prisoner who had requested that he be placed in home confinement due to COVID-19 had not fully exhausted all administrative remedies because he did not make a "similar attempt to make a request to BOP for compassionate release"). Because Johnson has not satisfied his burden of proof with respect to the statutory exhaustion requirement, the Court lacks authority to consider his motion for compassionate release.

Moreover, Johnson's motion should be denied even if it were considered on the merits because he has not identified a medical condition, age, or family circumstances that might warrant an extraordinary and compelling reason for release. *See United States v. Henderson*, 2020 WL 2850150, at *3 (E.D. La. June 2, 2020) ("Defendant does not point to, nor do the medical records

---

[20] *See* R. Doc. 762 at 2-3.

provided by the Government reveal, any medical condition that might warrant an extraordinary and compelling reason to grant his release.  In addition, the Centers for Disease Control has identified persons over 65 years old as being at a higher risk for serious illness; Defendant is only 47 years old.") (footnote omitted).

To the extent that Johnson makes a separate request for transfer to home confinement, the Court has no authority to order such a transfer, as "it is well-established that the BOP has sole authority to determine an inmate's placement, with consideration given to a district court's non-binding recommendation" at the time of sentencing.  *United States v. Reed*, 2020 WL 2850145, at *5 (E.D. La. June 2, 2020) (citations omitted); *see* 18 U.S.C. § 3621(b) (providing that the BOP "shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment ... is not reviewable by any court").  Johnson's request for home confinement would alter only his place of incarceration, not his term of incarceration, and so this request falls outside the Court's limited authority under § 3582(c) to modify a sentence.  Only the BOP may grant or deny his request.[21]

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Johnson's motion for compassionate release and/or release to home confinement (R. Doc. 762) is DENIED.

---

[21] Furthermore, although not expressly invoked by Johnson, under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), "the *Director of the [BOP]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." *See id.* § 12003(b)(2) (emphasis added); 18 U.S.C. § 3624(c)(1)(2) ("The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months ... under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry," including placement in "home confinement.").  Therefore, this Court lacks the power to grant relief under Section 12003 of the CARES Act.  *United States v. Mabe*, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020); *see also Miller v. United States*, 2020 WL 1814084 at *2 (E.D. Mich. Apr. 9, 2020) (collecting cases).

New Orleans, Louisiana, this 27th day of July, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE